UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARONTA TYRONE LEWIS,

Plaintiff,

v.

RYKER, et al.,

Defendants.

No.  2:25-cv-03462 SCR P

ORDER

Plaintiff is incarcerated in state prisoner and proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A.  ECF No. 1.  Plaintiff has also filed a motion to proceed in forma pauperis (ECF No. 2), motion for permission and leave to file extra pleading pages and claims (ECF No. 3), and motion for a 120-day extension of time to pay the filing fee (ECF No. 6).

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  ECF No. 2.  He has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]  This means that plaintiff is allowed to pay the $350.00

---

[1] By extension, the undersigned denies as moot plaintiff's motion for a 120-day extension to pay the filing fee.  ECF No. 6.

1

filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

**PLAINTIFF'S COMPLAINT**

### I.    Allegations

Plaintiff's complaint consists of 113 handwritten pages detailing alleged sexual abuse and harassment at Mule Creek State Prison ("MCSP") from June 2021 through September 2021.  ECF No. 1 at 1.  Plaintiff names as defendants the State of California, California Department of Corrections and Rehabilitation ("CDCR"), approximately twenty-seven different MCSP and CDCR employees, and Does 1 through 100.  Id. at 2-8, 10-13.  As best the undersigned can decipher, the complaint generally alleges (1) correctional and nursing staff performed nonconsensual sexual acts on plaintiff, who has significant physical disabilities, while assisting him with activities of daily living; and (2) MCSP staff failed to properly investigate the incidents.  The complaint raises at least fifteen claims under 42 U.S.C. § 1983 and state law (id. at 51-110) but is too voluminous to determine what specific allegations plaintiff alleges against each separate defendant.  By way of relief, plaintiff seeks damages according to proof at trial.  Id. at 68, 111.

### II.    Analysis

The federal rules contemplate brevity.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Fed. R. Civ. P. 8(a)(2).  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8, after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "'firm application of the Federal Rules of Civil Procedure' is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 for violation of the instructions in this order.

Based on the failure to comply with Rule 8(a)(2), the undersigned cannot discern whether

3

the allegations in the complaint allege the violation of a constitutional right by any named defendant.  As a result, the court dismisses the complaint with leave to file an amended complaint within 30 days from the date of this order.  The amended complaint must briefly identify the alleged role of each defendant in any claim for relief asserted against that defendant.  **The amended complaint shall be no longer than 25 pages in length including exhibits and shall include a short and plain statement of any claim for relief as required by Rule 8(a)(2).** Plaintiff's failure to comply with the provisions of this order will result in a recommendation that this action be dismissed.

The undersigned also denies without prejudice plaintiff's "motion for permission and leave to file extra lawsuit pleadings pages and claims[.]" ECF No. 3.  In this short motion, plaintiff explains that he intends to raise 66 claims but needs additional space to give the court a clear chronology.  Id. at 1.  He further explains that he lacks legal knowledge and cannot fit all his allegations into a "couple pages" per Rule 8.  Id. at 2.  The undersigned recognizes plaintiff's lack of legal training but provides assurances that courts must liberally construe complaints filed by incarcerated individuals proceeding pro se.  Tiedemann v. von Blanckensee, 72 F.4th 1001, 1009 (9th Cir. 2023).  "But the liberality with which the Court must construe Plaintiff's complaint is not an invitation to disregard the rules that bind each litigant who brings a controversy before the federal judiciary.  Plaintiff is not exempted from the requirement that his complaint contain a short and *plain* statement of his entitlement to relief."  Driver v. Gibson, No. 2:20-CV-0642 KJM DMC P, 2021 WL 3857973, at *6 (E.D. Cal. Aug. 30, 2021) (internal citations omitted and emphasis in original).  Accordingly, plaintiff is instructed to include all his allegations in a single first amended complaint (one document) totaling no more than 25 pages.

### III.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In filing an amended complaint, plaintiff shall not improperly join unrelated claims or defendants into a single action.  A plaintiff may properly assert multiple claims against a single defendant in a civil action.  Fed. R. Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  Id.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.      Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.    Plaintiff's motion for permission and leave to file extra lawsuit pleading pages and claims (ECF No. 3) is DENIED without prejudice.

4.    Plaintiff's motion for a 120-day extension of time to pay the filing fee (ECF No. 6) is DENIED as moot.

5.    Plaintiff's complaint is dismissed with leave to file an amended complaint within 30 days from the date of this order for violating Rule 8(a).  **Any amended complaint shall be no longer than 25 pages in length including exhibits.**

6.    Plaintiff's failure to comply with the provisions of this order will result in a recommendation that this action be dismissed for failure to comply with court order.  Local Rule 110.

7.    The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 2, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE